## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIXON OMAR GUARTAN QUITUIZACA,     :

               *Petitioner,*     :

    v.                        :     No. 2:26-cv-04126

WARDEN J.L. JAMISON, *et al.,*     :

               *Respondents.*     :

## ORDER

**AND NOW**, this 16th day of June, 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1), and the Government's Response in Opposition (Dkt. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. The Government shall **RELEASE** Petitioner from custody **immediately** and certify compliance with this Court's Order by way of docket entry, no later than June 18, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody, the Government is temporarily enjoined from re-detaining Petitioner for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal

1

may assess whether he poses a danger to the community or a flight risk;

6.  In the event of such bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania.  If, after a bond hearing, it is determined that Petitioner is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Petitioner if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[1]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1]  For the reasons articulated in *HASANBOY OLIMOV, Petitioner, v. JAMAL JAMISON, Warden of Philadelphia Det. Facility, ET AL., Respondents.*, No. 2:26-CV-00532-JDW, 2026 WL 596155 (E.D. Pa. Mar. 3, 2026) (Wolson, J.), this Court rejects the Government's analysis of the pertinent statutory provisions.

Separately, to the extent Petitioner seeks costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), those fees must be sought by way of separate motion. 28 U.S.C. § 2412(d)(1)(B); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483, at *13 (3d Cir. Feb. 2, 2026); *see also Abioye v. Oddo*, No. 3:23-CV-0251, 2024 WL 4304738, at *2 (W.D. Pa. Sept. 26, 2024); *Daley v. Ceja*, 158 F.4th 1152, 1155 (10th Cir. 2025).  This matter will be administratively closed upon receipt of the Government's notice of compliance.  However, administrative closure does not impact the 30-day timeline to file a motion for attorney's fees under 28 U.S.C. § 2412(d)(1)(B).